IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| TRUEDELL FAGAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:10cv777-MEF |
| | ) | |
| PEMCO WORLD AIR SERVICES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Upon review of the record of the proceedings in this matter, the court concludes that this action is due to be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, due to plaintiff's failure to prosecute the action and to comply with orders of the court.

**Background**

Plaintiff commenced this case against defendant Pemco World Air Services, Inc., on September 14, 2010. In March 2012, after Pemco filed a bankruptcy petition in the U.S. Bankruptcy Court for the District of Delaware, this action was stayed by operation of 11 U.S.C. § 362. (Doc. # 17). In October 2013, plaintiff's attorneys moved to withdraw from representing him in this matter, citing their inability to reach plaintiff over a period of months, despite many attempts to do so by telephone and by mail. The District Judge granted the motions to withdraw by orders entered on October 30, 2013 and November 1, 2013. (Doc. ## 26-29).

On March 17, 2014, the District Judge referred this matter to the undersigned Magistrate Judge for pretrial proceedings. In view of plaintiff's attorneys' representations in their motions to withdraw, the court directed plaintiff to file a written notice, on or before April 1, 2014, advising the court: (1) of a telephone number at which the court may reach him; (2) whether he wishes to dismiss his claims in this action; and (3) whether plaintiff intends to represent himself or is seeking counsel. The court cautioned plaintiff that, if he failed to comply with the order, this action may be dismissed. (Doc. # 31, Order entered 3/17/2014). Nothing in the docket suggests that plaintiff did not receive the court's order. However, plaintiff filed no notice. On April 3, 2014, the court directed plaintiff to show cause why this action should not be dismissed for his failure to comply with the court's previous order. The show cause order set a deadline of April 14, 2014. (Doc. # 32). The court again warned plaintiff that a potential consequence of his failure to comply with the order is dismissal of this action. (Id.)("The court cautions plaintiff that his failure to comply with this order may be viewed by the court as exhibiting willful disregard of the court's orders and may result in the imposition of sanctions against the plaintiff, possibly including dismissal of this action."). The docket reflects that the Clerk mailed the show cause order to plaintiff both by first class mail and by certified mail. The order sent by first class mail was returned to the Clerk with the notation, "Return to Sender, Attempted – Not Known, Unable to Forward." (See 4/22/2014 docket entry). The show cause order sent by certified mail was claimed by "John Smith" – who signed the return receipt card as the "agent" of the

2

addressee – on April 28, 2014, two weeks after the show cause deadline. (See 5/02/2014 docket entry). In the three months since Smith signed for the order, plaintiff has not sought relief from the show cause order. He has filed no written document in this case since his attorneys were permitted to withdraw, and he has not otherwise contacted the chambers of the undersigned Magistrate Judge to inquire about the status of his case.

## Discussion

Under Rule 41(b) of the Federal Rules of Civil Procedure, the court may dismiss an action or claim due to a plaintiff's failure to prosecute it or to comply with the federal rules or orders of the court. Fed. R. Civ. P. 41(b). "If a plaintiff fails to comply with a court order, [the Eleventh] Circuit has held that a district court may *sua sponte* dismiss the case with or without prejudice under Rule 41(b) or its inherent powers where there is both a clear record of willful conduct and a finding that lesser sanctions are inadequate." Levinson v. WEDU-TV, 505 F. App'x. 919, 920 (11th Cir. 2013); see also Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)("The Supreme Court also has held that '[t]he authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an "inherent power," governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs[.]'")(citing Link v. Wabash R.R. Co., 370 U.S. 626, 630 (1962)).

Plaintiff's conduct makes clear that he does not intend to proceed on the claims he asserts in this action. First, he failed to respond to his attorneys' repeated attempts to reach

3

him, over a period of months, regarding prosecution of the present claims within the bankruptcy proceedings. Plaintiff has not appeared in this action in the eight months since the court allowed plaintiff's attorneys to withdraw from representing him. The court's attempt to engage the *pro se* plaintiff in this action was unsuccessful, as he failed to comply with – or otherwise respond to – the March 17, 2014 order. That order, which apparently was delivered, directed plaintiff to file a notice including, *inter alia*, a phone number at which the court may reach him. While plaintiff did not receive the show cause order in time to comply by the deadline, the delay in its receipt is due to plaintiff's failure either to collect the certified mail from the U.S. Postal Service earlier or to notify the court of an alternate mailing address at which he may be reached more promptly. Additionally, in the three months since "John Smith" retrieved the certified mail envelope for him, plaintiff has not sought relief from the show cause order or otherwise contacted the court. Plaintiff's failure to prosecute is not a minor default or omission; it appears that he has abandoned his claims entirely. The record demonstrates that plaintiff's noncompliance with this court's orders was not inadvertent but, instead, resulted from his willful contempt.

      While the court has considered lesser sanctions, it concludes that no lesser sanction than a dismissal without prejudice[1] will suffice to remedy plaintiff's failure to prosecute this

---

[1] Plaintiff's Title VII and § 1981 employment discrimination and retaliation claims arose no later than August 4, 2008, and he received his right-to-sue notice sometime within the ninety-day period before he filed the present complaint on September 14, 2010 (see Complaint, ¶¶ 8, 30); the applicable statutes of limitations – absent a showing sufficient to justify equitable tolling – preclude future prosecution of these claims. Thus, dismissing plaintiff's claims without prejudice is likely to have the same effect as a dismissal with prejudice. Dismissal of the present action will not affect

action or to comply with the court's orders. Despite the court's warnings that this case may be dismissed, plaintiff has neither complied with the court's orders nor sought relief from them. As this case now stands, the court cannot reach plaintiff by telephone. Since it appears that plaintiff's address of record may no longer be valid, neither can the court communicate with him by mail with any degree of certainty. This case cannot move forward unless plaintiff participates in it, and plaintiff has given the court no indication that he will do so.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that: (1) in view of the conclusion of the proceedings in the bankruptcy court, the stay imposed by the March 15, 2012 order of the District Judge (Doc. # 18) be lifted; and (2) that this action be DISMISSED without prejudice, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, due to plaintiff's failure to prosecute it or to comply with the orders of the court.

The Clerk of the Court is ORDERED to file the Recommendation of the Magistrate Judge and to serve a copy on the parties to this action. The parties are DIRECTED to file any objections to this Recommendation on or before July 28, 2014. Any objections filed must identify specifically the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court.

---

plaintiff's claim in the bankruptcy court, however, as he no longer has such a claim. On November 15, 2013, the bankruptcy court expunged and disallowed plaintiff's claim in its entirety – due to plaintiff's failure to prosecute it – and closed the bankruptcy case. (See Case No. 12-10799-MFW, Doc. ## 1232, 1233, 1236).

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. Resolution Trust Co. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993); Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 14th day of July, 2014.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE